UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                      )
SUSAN B. LONG, <u>et al.</u>,                         )
                                                      )
                Plaintiffs,                           )
                                                      )
        v.                                            )
                                                      )   Civil Action No. 00-0211 (PLF)
UNITED STATES DEPARTMENT                              )
        OF JUSTICE,                                    )
                                                      )
                Defendant.                            )
_____)

_____
                                                      )
SUSAN B. LONG, <u>et al.</u>,                         )
                                                      )
                Plaintiffs,                           )
                                                      )
        v.                                            )   Civil Action No. 02-2467 (PLF)
                                                      )
UNITED STATES DEPARTMENT                              )
        OF JUSTICE,                                    )
                                                      )
                Defendant.                            )
_____)


<u>OPINION</u>

        This matter is before the Court on Defendant's Motion for Reconsideration of the

Court's Opinion and Order of September 8, 2006 or, in the Alternative, to Alter or Amend the

Judgment in this case ("Def.'s Motion").[1] To the extent that there was any confusion about

whether the September 8, 2006 Order of the Court was or was not a final judgment in the case,

<u>see</u> Def.'s Motion at 3, the Court issued a Second Amended Order and Judgment on October 24,

_____

[1]     The Court's September 8, 2006 Opinion is now reported as <u>Long v. United States Dep't
of Justice</u>, 450 F. Supp. 2d 42 (D.D.C. 2006).

2006 making clear that a final appealable judgment had in fact been entered.  Accordingly, the Court will treat the current motion as one to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

A motion to alter or amend judgment under Rule 59(e) is discretionary with the court and need not be granted unless the Court finds that there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Ciralski v. Central Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  Rule 59(e) motions to alter or amend judgment are "not to be used to relitigate matters already argued and disposed of; they are intended to permit the court to correct errors of fact appearing on the face of the record, or errors of law."  Independent Petroleum Ass'n of America v. Babbitt, 178 F.R.D. 323, 324 (D.D.C. 1998); see Niedermeier v. Office of Max S. Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (Rule 59(e) motion may not be used to "relitigate old matters, or to raise new arguments or present evidence that could have been raised prior to the entry of judgment.").  Such motions are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances."  Id.

The Department of Justice raises three separate matters that it says justify an alteration or amendment of the judgment.  First, the Department argues that it has released all reasonably segregable information from the records pertaining to corporations and property and that any further effort to segregate would be unduly burdensome.  See Def.'s Motion at 4-8; Defendant's Reply in Support of Defendant's Motion for Reconsideration or to Alter Judgment

("Def.'s Reply"), at 5-8.  Second, the Department argues that the "criminal lead charge" field contains exempt information that is not reasonably segregable from the non-exempt information and that the Department therefore should be permitted to withhold the "criminal lead charge" entries from every record pertaining to an ongoing investigation.  <u>See</u> Def.'s Motion at 8-11; Def.'s Reply at 9-12.  Third, the Department argues that redacting only terrorism-related codes from the "program category" field would be self-defeating and that in order to give effect to the Court's determination regarding the terrorism-related codes, the Department must be permitted to redact all "program category" codes from records pertaining to ongoing investigative matters. <u>See</u> Def.'s Motion at 11-13; Def.'s Reply at 13-18.  The Department further contends that the Court erred by according deference only to the Department's judgments regarding matters of national security -- namely, ongoing terrorism investigations -- and not to its judgments regarding "all law enforcement matters."  Def.'s Motion at 12.  On this basis as well, the Department argues that redaction of all "program category" codes from records pertaining to ongoing investigations is appropriate.  For the reasons that follow, the Court concludes that the Department is not entitled to any relief with respect to its first two arguments under Rule 59(e) and to more limited relief than it seeks with respect to its third.

The Department's first argument -- based in large part on two declarations submitted to the Court for the first time in connection with the instant motion -- is that any attempt to segregate information from records pertaining to corporations and property would be prohibitively burdensome because no computer program currently exists to accomplish the task, and a manual review of the "enormous amount of records"  involved would take an inordinate

3

amount of time.  Def.'s Motion at 4.  Plaintiffs respond with a declaration of their own seeking

to rebut the Department's arguments regarding the burden involved in such a task.  More

fundamentally, however, they submit that the Department's arguments come too late.  See

Plaintiffs' Opposition to Defendant's Motion for Reconsideration or to Alter or Amend

Judgment ("Pls.' Opp.") at 3-7.  On this latter point, the Court agrees with plaintiffs.  Having

failed to address the burden involved in reviewing the specific records at issue during the initial

briefing four years ago, the Department is foreclosed under Rule 59(e) from presenting such

arguments now.  See Niedermeier v. Office of Max S. Baucus, 153 F. Supp. 2d at 28;

Independent Petroleum Ass'n v. Babbitt, 178 F.R.D. at 324.

        The Department next argues that the "criminal lead charge" field, which specifies

the lead statutory offense being investigated, contains exempt information that is not reasonably

segregable from the non-exempt information contained in that field.  The Department further

asserts that the Court, in analyzing this issue in its September 8, 2006 Opinion, "misunderstood

the Department's argument."  Def.'s Motion at 9.  Specifically, the Department contends that its

initial position was not that the content of the "criminal lead charge" field is "categorically

exempt from disclosure," but that there is a small "subset of entries" where redactions on a

categorical basis would be appropriate.  See Def.'s Motion at 9; see also Def.'s Reply at 9 (The

Department "had argued that a small subset of records was categorically exempt, and that these

records could not reasonably be segregated from the non-exempt records.").  The Department is

wrong.  The Court's Opinion makes plain that it clearly understood this argument when it was

made initially and specifically rejected it.  Indeed, as plaintiffs point out, a summary of the

Department's original argument is set forth in the Court's Opinion, and that summary "corresponds perfectly with the government's current explanation of what it was attempting to argue." Pls.' Opp. at 7.  See Long v. United States Dep't of Justice, 450 F. Supp. 2d 42, 74 (D.D.C. 2006).  The Department is merely repeating arguments that the Court both understood and disagreed with, and the Department has even less of a leg to stand on at this stage under the standards for alteration or amendment of judgment as set forth in Rule 59(e) and the relevant case law.

The Department's third argument -- that redacting only terrorism-related codes in the "program category" fields of records pertaining to ongoing investigations would jeopardize law enforcement efforts -- gives the Court considerable pause.[2]

Preliminarily, it must be said that the Department is wrong in its reading of the D.C. Circuit's opinion in Center for National Security Studies v. United States Dep't of Justice, 331 F.3d 918 (D.C. Cir. 2003).  That decision does not stand for the proposition that "the predictive judgments and expertise" of the Department of Justice or any other executive branch department or agency are entitled to deference in all law enforcement matters, as the Department argues.  See Def.'s Motion at 12.  In the law enforcement context, as in all other FOIA cases, the agency bears the burden of justifying any withholding, and the Court reviews the agency's exemption claims de novo.  See Long v. United States Dep't of Justice, 450 F. Supp. 2d at 53, and cases there cited.  At most, Center for National Security Studies stands for the proposition

---

[2]     The "program category" field contains approximately 90 individual codes that identify the type of criminal activity that is the subject of an investigation or prosecution.  See Long v. United States Dep't of Justice, 450 F. Supp. 2d at 76.

that the Department's claim that records were compiled for a law enforcement purpose is entitled

to some deference, so long as its proffer in that regard meets the standards set forth in the case

law.  See Center for National Security Studies v. United States Dep't of Justice, 331 F.3d at 926.

But whether there is "a law enforcement purpose" is only the first of a number of inquiries under

Exemption 7.  See Long v. United States Dep't of Justice, 450 F. Supp. 2d at 73.  And

significantly, with respect to the records at issue here, plaintiffs do not dispute that they were, in

fact, compiled for law enforcement purposes.

As for the deference the Department is entitled to in the subset of law

enforcement cases that involve terrorism -- as opposed to law enforcement cases in general --

Center for National Security Studies does state that the justifications and proffers made by the

executive branch are entitled to "some measure of deference . . . in cases implicating national

security."  Center for National Security Studies v. United States Dep't of Justice, 331 F.3d at

926.  On the basis of the arguments and declarations presented to it initially, the Court gave the

Department's justifications for withholding information regarding terrorism investigations  -- in

the words of Center for National Security Studies -- "appropriate deference."  Long v. United

States Dep't of Justice, 450 F. Supp. 2d at 78.  The Court concluded that the Department had

provided adequate justification for withholding from records pertaining to ongoing

investigations the "program category" codes related to terrorism that are listed in Exhibit 4 of the

Declaration of Marie A. O'Rourke ("O'Rourke Decl.").  Id.; see also Second Amended Order

and Judgment of October 24, 2006 at 4.[3]

---

3       There are 11 terrorism-related "program category" codes.  Although the Court's Opinion
and Second Amended Order and Judgment refer to 13 terrorism-related "program category"
codes -- specifically, codes 071 through 076 and 07A through 07G listed in Exhibit 4 of the

The Department now argues, based upon new evidence contained in the declaration of Richard L. Murphy, that redacting only the terrorism-related codes would "cause the very  harm that the Court intended to avoid."  Def.'s Reply at 15.[4]  Specifically, the Department asserts that "releasing all codes that do not pertain to terrorism, while redacting only those codes that pertain to terrorism, would jeopardize the terrorism investigations . . . because the redaction itself would then clearly signify to anyone reviewing the record that the investigation pertains to terrorist activity."  Def.'s Motion at 12-13.  Narrowing the arguments that it initially advanced across-the-board, the Department contends that disclosing which matters involve terrorism investigations -- by redacting only the terrorism-related "program category" codes -- could, in combination with certain other information contained in the records: (1) alert suspected terrorists to the fact that they are or might be under investigation; (2) provide suspected terrorists with information that could help them obstruct an investigation; or (3) aid potential terrorists or their agents by revealing where law enforcement authorities are and are not investigating terrorism-related activities.  See Def.'s Reply at 16.  Because it already has released much of the "other information" giving rise to its concerns, the Department argues that it therefore "must be allowed to redact all of the program category codes from ongoing

O'Rourke Declaration -- the Court agrees with the parties that codes 074 and 075 are not terrorism-related.

4       Richard L. Murphy has been an Assistant United States Attorney in the United States Attorney's Office for the Northern District of Iowa ("USAO/NDIA") since 1984.  He has served as the Criminal Chief for the USAO/NDIA for approximately the last ten years and is designated as the lead anti-terrorism prosecutor for that office.  He also has been a member of the Criminal Chiefs Working Group ("CCWG") for more than four years and currently serves as the Chair of the CCWG.  See Def.'s Motion, Declaration of Richard L. Murphy ¶¶ 1-3.

investigative matters."  Def.'s Motion at 13; <u>see also id</u>. (withholding all "program category"
entries from ongoing investigations is the only way "for the Court's decision regarding the
terrorism-related program category codes to have any effect -- and for critical national security
investigations to be protected").

        The Court understands the Department's concerns.  The Court also recognizes
that the present quandary stems, in part, from the fact that the Department was sensitive to its
obligations under the FOIA when it released much of the other information that raises these
concerns prior to the issuance of the Court's Opinion of September 8, 2006.  The Department's
suggested fix, however, is overbroad and effectively turns the structure and purpose of the FOIA
on its head.  Rather than wholesale withholding, the FOIA strongly favors openness, redactions
and segregation.  There is a "strong presumption in favor of disclosure," not withholding of
information.  <u>United States Dep't of State v. Ray</u>, 502 U.S. 164, 173 (1991).  "[D]isclosure, not
secrecy, is the dominant objective of the Act."  <u>United States Dep't of the Air Force v. Ross</u>, 425
U.S. 352, 361 (1976).  Because the goal of the FOIA is "broad disclosure," the nine enumerated
statutory exemptions "have been consistently given a narrow compass."  <u>United States Dep't of
Justice v. Tax Analysts</u>, 492 U.S. 136, 151 (1991).  The vast majority of law enforcement
investigations do not involve terrorism or otherwise implicate national security, and the vast
majority of "program category" codes do not relate to terrorism or national security.  To permit
redaction of all "program category" codes from the records of all ongoing law enforcement
investigations therefore would be to disregard the structure and purposes of the FOIA.

The dilemma is how to preserve the integrity of the Department's ongoing terrorism investigations without wholly undermining the purpose of the FOIA.  Striking what the Court deems to be an appropriate balance between the Department's legitimate concerns regarding ongoing terrorism investigations and the FOIA's strong presumption in favor of disclosure, the Court will modify its Second Amended Order and judgment as follows.  Going forward, with respect to records pertaining to ongoing terrorism investigations from which the Department is permitted to redact the "program category" code -- namely, records in which the "program category" field is populated with one of the 11 terrorism-related codes -- the Department also will be permitted to withhold the "other information" contained in the records that gives rise to the concerns articulated by the Department when such information is combined with the fact that the records readily can be identified as pertaining to terrorism investigations. Having reviewed the Department's submissions, the Court concludes that the Department may redact from such records only the following "other information":  (1) the "criminal lead charge" field; (2) information that reasonably could be used to identify the location of the investigation or suspected criminal activity; (3) information regarding law enforcement actions taken or planned in connection with the investigation; (4) the dates of the suspected criminal activity associated with the investigation; and (5) the estimated dollar loss.  While the Court will not attempt to identify herein the specific database fields in which such information might be located (other than the "criminal lead charge" field), the Court has determined that identification of these five discrete categories adequately addresses the Department's concerns and provides the Department with sufficient direction to make appropriate redactions prospectively.

On the other hand, the Court has concluded that it cannot grant the Department retrospective relief -- that is, with respect to records for which the Department already has released information that falls into one or more of these five categories, the Court will not amend its prior ruling and call the disclosures back.  The Court notes that with the passage of time, it is likely that some, or even many, of the investigations at issue are no longer open.  The Court also notes that the Department has not released the "criminal lead charge" entries for these records and that, consistent with the Court's conclusions as stated above, the Department may continue to withhold the "criminal lead charge" entries from records pertaining to ongoing terrorism investigations.

If it believes that the Court's refined approach as reflected in this Opinion does not appropriately address the legitimate concerns the Department has raised, the Department has two options.  If the Department can live with the Court's general approach under the FOIA but believes that the Court has not struck a proper balance or has not provided sufficient direction, then the Department may identify proposed modifications in a further, focused and limited motion to reconsider.  On the other hand, if the Department simply disagrees with the Court's approach altogether or believes that the Court is incorrect with respect to its application of the FOIA in matters that implicate terrorism or national security, a further motion to reconsider would serve no useful purpose.  In that case, an appeal should be noted and the matter presented to the court of appeals.

An Order consistent with this Opinion will issue this same day.

SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:   February 2, 2007

11